IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK L. BROWN, :
:
    Plaintiff, : CIVIL NO. 3:CV-09-2153
:
  v. :
:
: (Judge Vanaskie)
STATE OF TENNESSEE, et al., :
:
    Defendants. :

## MEMORANDUM

Background

    This pro se civil rights action was initiated by Derrick L. Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Along with his complaint, Brown has submitted an application requesting leave to proceed in forma pauperis. (Dkt. Entry # 3.) For the reasons set forth below, Brown's action will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).[1]

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Named as Defendants are the State of Tennessee;[2] Shelby County, Tennessee; the City of Memphis, Tennessee; and numerous officials, departments, and programs affiliated with those entities, including Governor Phil Bredesen, Shelby County Sheriff Mark Lutrell, and Mayors Willie Herrington and A.C. Wharton, Jr.[3]

In an affidavit which accompanies the Complaint, Plaintiff asserts that while housed in administrative segregation at the Shelby County Criminal Justice Complex during February 2002, he was notified of his father's death. Brown describes his father as being "an active and possibly high-ranking member of the Mason brotherhood." (Dkt. Entry # 2 at 10.) Brown adds that his father's will "left Plaintiff an inheritance" which "consisted of a large undisclosed amount of monetary funds, houses, and property." Id. Plaintiff claims that because he had previously refused to become part of the Mason brotherhood, family members and unidentified members of the Mason brotherhood conspired with the Defendants "to harass, impugn, false[ly] imprison,

---

[2] In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court established that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity are not subject to civil rights liability in federal court. See also Howlett v. Rose, 496 U.S. 356, 365 (1990).

[3] A municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, may be a "person" subject to suit under 42 U.S.C. § 1983. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). However, "... a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that when executed caused the plaintiff's injury." Board of County Comm'rs of Bryan County, OK v. Brown, 520 U.S. 398, 403-07 (1997);; Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

retaliate, destroy, kill and murder [him]" to prevent him from collecting his inheritance. (Id. at 11.)  Brown alleges that the conspirators arranged to have him "falsely arrested on frivolous, bogus, and trumped up drug charges" in 2004 and 2006. (Id. at 12.)  According to Plaintiff, his most recent unwarranted arrest resulted in unlawful federal and state convictions.[4]  The Complaint seeks an award of compensatory and punitive damages as well as declaratory and injunctive relief, including Plaintiff's immediate release.[5]

Discussion

Pursuant to 28 U.S.C. § 1915(g), a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[4] Brown states that he is presently serving a 387 month term of incarceration resulting from a conviction in the United States District Court for the Western District of Tennessee.

[5] Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975); Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).  Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

3

granted, unless the prisoner is under imminent danger of serious physical injury.

While incarcerated, Plaintiff previously initiated the following civil actions which were dismissed as frivolous by the United States District Court for the Western District of Tennessee: Brown v. Memphis Police, No. 2:01-2868 (Nov. 13, 2001)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); Brown v. Shelby County, et al., No. 2:02-2365 (June 19, 2002)(dismissal on grounds that § 1983 complaint is frivolous); Brown v. Shelby County, et al., No. 2:02-2366 (June 19, 2002)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); and Brown v. Nurse Brown, et al., No. 2:02-2368 (June 27, 2002)(dismissal with observation that Brown has three dismissals of cases as frivolous and thus is subject to § 1915(g)). This Court recently recognized that it concurs with the determination announced by the Western District of Tennessee in the last-cited case, *i.e.*, that the above enumerated dismissals constitute three strikes for the Plaintiff as contemplated under § 1915(g). See Brown v. Lappin, et al., Civil No. 3:CV-09-1732, slip op. at 3 (M.D. Pa. Nov. 10, 2009)(Vanaskie, J.)(Dkt. Entry # 10.)

As detailed above, the unconstitutional conduct alleged in Brown's pending action does not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the

4

time the complaint was filed, not at the time of the alleged incident). It is particularly noted that none of the named Defendants are personally involved in the supervision and care of Brown at USP-Lewisburg. Accordingly, this action will be dismissed under § 1915(g).

Since the dismissal of Brown's action is being entered under § 1915(g) and he is barred from proceeding in forma pauperis, the Administrative Order previously issued in this matter on November 4, 2009 (Dkt. Entry # 5) will be vacated and Plaintiff's in forma pauperis application (Dkt. Entry # 3) will be denied.[6] An appropriate Order will enter.[7]

                                                             s/ Thomas I. Vanaskie
                                                             Thomas I. Vanaskie
                                                             United States District Judge

---

[6] If Plaintiff wishes to reactivate this case, he may pay the full filing fee within thirty(30) days of the date of this Order. In the alternative, Brown may reassert his present claims in a new action filed within the period authorized by the statute of limitations and accompanied by full payment of the required filing fee.

[7] It is also recognized that there are issues as to whether the individual Defendants are subject to personal jurisdiction in Pennsylvania and/or whether an application of the venue provisions of 28 U.S.C. § 1391(b) would establish that the Complaint may not be properly brought in this judicial district.

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK L. BROWN, :
      Plaintiff : CIVIL NO. 3:CV-09-2153
:
v. :
: (Judge Vanaskie)
STATE OF TENNESSEE, et al., :
      Defendants :

## ORDER

NOW, THIS 16th DAY OF NOVEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as barred by 28 U.S.C. § 1915(g).

2. The Administrative Order (Dkt. Entry # 5) previously issued in this matter on November 4, 2009 is VACATED.

3. Plaintiff's request to proceed in forma pauperis (Dkt. Entry # 3) is DENIED.

4. The Clerk of Court is directed to CLOSE the case.

5. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

6. The Clerk of Court is directed to send a copy of this Order to the Warden of USP-Lewisburg.

                                             <u>s/ Thomas I. Vanaskie</u>
                                             Thomas I. Vanaskie
                                             United States District Judge